United States District Court
Southern District of Texas
**ENTERED**
April 11, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHNNETTA H. PUNCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:16–CV–00137 |
| | § | |
| NATIONAL AERONAUTICS AND | § | |
| SPACE ADMINSTRATION (NASA); | § | |
| CHARLES F. BOLDEN, JR.; | § | |
| ADMINISTRATOR, NASA; and | § | |
| ELLEN OCHOA DIRECTOR, | § | |
| NASA JOHNSON SPACE CENTER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Johnnetta H. Punch ("Punch") has filed suit against the National

Aeronautics and Space Administration ("NASA"); Charles F. Bolden, Jr., Administrator,

NASA; and Ellen Ochoa, Director, NASA Johnson Space Center (collectively "the

NASA Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000(e) *et seq.* and the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 621 *et seq.* Specifically, Punch claims the NASA Defendants

discriminated against her on account of her race, color, sex, and age and retaliated against

her for filing a charge of discrimination with NASA's Equal Employment Opportunity

office. A related case alleging that the Merit Service Protection Board improperly upheld

Punch's termination from NASA has been transferred by the United States Court of Appeals for the Federal Circuit to this Court and consolidated with this case.

Pending before the Court are Defendants' Motion for Summary Judgment and Motion to Dismiss on MSPB Grounds (Dkt. 47) and Defendants' Motion for Summary Judgment on Substantive Grounds (Dkt. 48). All dispositive pretrial motions in this case were referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). (Dkt. 75). Having considered the motions, the responses, replies, argument of counsel and applicable law, the court RECOMMENDS that Defendants' Motion for Summary Judgment and Motion to Dismiss on MSPB Grounds (Dkt. 47) be GRANTED and that Defendants' Motion for Summary Judgment on Substantive Grounds (Dkt. 48) be denied as MOOT.

## I. BACKGROUND

In December 2006, Punch started working at NASA Johnson Space Center in Houston, Texas as a Program Analyst in the Performance Management and Integration Office. She worked for NASA for more than six years when, in March 2013, NASA issued a Notice of Unacceptable Performance placing Punch on a 60–day Performance Improvement Plan ("PIP") and providing her an opportunity to improve her performance to a minimally acceptable level.

Shortly after the conclusion of the PIP, NASA notified Punch that she continued to perform in an unacceptable manner and proposed to terminate her employment. NASA also provided Punch an opportunity to explain orally and in writing why she should not be removed from her position. Punch and her lawyer provided a written and oral

response.  On August 5, 2013, NASA sent Punch a letter, informing her that NASA had

considered her file and the points raised in her response.  NASA also notified Punch that

she would be terminated effective August 7, 2013, because of unacceptable performance.

The letter stated, in part:

> You are entitled to appeal this [removal] to the Merit Systems Protection
> Board (MSPB).  In addition, if you believe that your removal is based on
> discrimination because of your race, color, religion, sex, national origin,
> age or disability, you may either: (1) file a complaint of discrimination with
> NASA in accordance with the Agency's discrimination complaint
> procedures, or (2) you may raise the issue of discrimination in connection
> with an MSPB appeal, but not both.  Whichever is filed first will be
> considered an election by you to proceed in that manner.

**The MSPB Proceedings:**   Punch timely exercised her right to appeal her

termination to the MSPB, filing her appeal in September 2013.  Before the MSPB, Punch

asserted, among other things, that her removal was in reprisal for filing two previous

Equal Employment Opportunity ("EEO") complaints alleging discrimination based on

her race, color, age, and gender.[1]   Punch also complained that NASA did not

communicate critical elements and performance standards to her, did not warn her of her

inadequacies, and did not provide her a reasonable opportunity to improve her

performance.

---

[1] Punch filed her first EEO complaint (NCN-12-JSC-00003) ("EEO-03 Complaint") on October 1, 2012, alleging that her supervisor engaged in discriminatory harassment on the basis of race, color, age, and gender after he allegedly threatened to reverse Punch's merit-grade increase in pay.  Punch filed her second EEO complaint (NCN-12-JSC-00025) ("EEO-25 Complaint") on March 16, 2013, complaining of race, sex, and color discrimination, as well as retaliation for filing the EEO-03 Complaint.

An Administrative Judge heard evidence and issued a decision in September 2013 sustaining Punch's removal.   In October 2013, Punch appealed the Administrative Judge's decision to the full MSPB.

On February 9, 2016, the MSPB issued its final decision, a 13–page order upholding Punch's removal and concluding that the Administrative Judge had not committed any prejudicial error in finding that Punch had failed to establish retaliation as a motivating factor in her removal.

**EEO–62 Proceedings:**   In December 2013, roughly three months after Punch filed her MSPB appeal, she filed a third EEO complaint—NCN–13–JSC–00062 ("EEO–62 Complaint")—alleging that her removal was discriminatory based on her race, color, age, and gender, and was taken in retaliation for her prior EEO activity.   Punch also complained in the EEO–62 Complaint that she had been subjected to a hostile work environment when (i) NASA placed her on a PIP; (ii) she received an unacceptable performance rating for 2012–2013 performance year; (iii) NASA denied her request for reassignment and/or modification to her scope of work; and (iv) NASA denied her time to work on a prior EEO complaint.   After considering Punch's arguments, NASA issued a final agency decision in April 2015 concluding that Punch's discrimination claims were without merit and denying Punch's EEO–62 Complaint.

In August 2015, Punch appealed the final agency decision to the Office of Federal Operations ("OFO").

4

**The Lawsuits:**  On April 7, 2016, almost two full months after the MSPB issued its final decision, Punch filed a lawsuit before the United States Court of Appeals for the Federal Circuit seeking a review of the MSPB's decision ("MSPB Lawsuit").[2]

Approximately a month later, in May 2016, after not having received a response from the OFO within 180–days on her appeal of the EEO-62 Complaint, Punch filed the instant suit in the Southern District of Texas alleging that but for her race, gender, and age she would not have been harassed, subjected to discrimination, or filed the EEO complaints that led to her removal ("District Court Complaint").[3]

In the MSPB Lawsuit, NASA asked the Federal Circuit to dismiss the case for a lack of jurisdiction, arguing that a federal district court, not the Federal Circuit, had exclusive jurisdiction to hear an appeal of a MSPB final decision when the federal employee challenged the removal and alleged that a basis for her removal was discrimination.  In April 2017, the Federal Circuit agreed with NASA, holding that the Federal Circuit could not entertain the MSPB Lawsuit for lack of jurisdiction.  *See Punch v. Nat'l Aeronautics and Space Admin.*, No. 2016–1804, slip op. at 3 (Fed. Cir. Apr. 26,

---

[2] In another procedural twist, Punch apparently filed an appeal of the MSPB's final decision with the OFO in March 2016, but NASA did not receive notification of the OFO appeal, the OFO never acknowledged receiving an appeal and NASA could not locate any record of an OFO appeal.  As such, the parties have stipulated "that this means Ms. Punch never formally filed an appeal from the MSPB to the OFO."  (Dkt. 57-3 at 1).

[3] In her Complaint and Request for Injunctive Relief filed in the Southern District of Texas, Punch brought claims predicated on two EEO Complaints: the EEO–25 Complaint and the EEO–62 Complaint.  (Dkt. 1).  Punch's claims relating to the EEO–25 Complaint were dismissed for lack of jurisdiction, leaving the claims related to the EEO–62 Complaint as the only remaining claims in the District Court Complaint.  (Dkt. 34).

2017).[4]  The Federal Circuit transferred the MSPB Lawsuit to the Southern District of Texas, where it was eventually consolidated with this case.  (Dkt. 43).

Accordingly, the instant lawsuit currently contains two separate, but related, issues: (1) the discrimination claims predicated on the EEO–62 Complaint as set forth in the District Court Complaint; and (2) a review of the MSPB proceedings as set forth in the MSPB Lawsuit.

In Defendants' Motion for Summary Judgment and Motion to Dismiss on MSPB Grounds (Dkt. 47), the NASA Defendants argue that the District Court Complaint should be dismissed with prejudice because Punch elected to pursue her discrimination claims exclusively before the MSPB when she filed claims first in that forum.  Separately, the NASA Defendants assert that this Court should dismiss with prejudice the claims raised in Punch's MSPB Lawsuit because Punch failed to timely appeal the MSPB's decision to federal district court.

## II. APPLICABLE LAW

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "The movant bears the burden of identifying those portions of the claim it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee*

---

[4] The Federal Circuit's opinion has been filed at docket entry 36 in this case.  For the purpose of simplicity and because the Federal Circuit's opinion is not available within a commercial database such as Westlaw and Lexis, the Court cites to docket entry 36 when citation to the Federal Circuit's opinion is required.

*Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56 burden, the nonmovant must identify "significant probative evidence that there exists a genuine issue of material fact." *Atkins v. Szymczak*, 710 F. App'x 223, 224 (5th Cir. 2018) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  "In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party." *Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 414 (5th Cir. 2018) (quoting *Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015)).

## B.    THE STATUTORY AND REGULATORY FRAMEWORK FOR MIXED CASES

As the discussion below demonstrates, "the provisions that structure both administrative and judicial review of adverse personnel actions [for federal employees] form a complicated tapestry." *Butler v. West*, 164 F.3d 634, 637 (D.C. Cir. 1999).  In the

Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.*, Congress created the MSPB to review certain serious personnel actions against federal employees.  The serious personnel actions the MSPB will review include a removal from employment or a reduction in grade or pay.  *Perry v. Merit Sys. Prot. Bd.*, 137 S.Ct. 1975, 1980 (2017).  The affected employee has a right to appeal the agency's decision to the MSPB, an independent adjudicator of federal employment disputes.  *Id.*  Such an appeal may merely allege that the agency had insufficient cause for taking the action under the CSRA.  *Id.*  An appeal to the MSPB may also charge the agency with discrimination prohibited by another federal statute, such as Title VII or the ADEA.  *Id.*  "When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'"  *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) (quoting 29 CFR § 1614.302) (emphasis in original).  *See also* 29 CFR § 1614.302(a)(2) (defining "mixed case appeal" as one in which an employee "alleges that an appealable agency action was effected, in whole or in part, because of discrimination"); *Casimier v. U.S. Postal Serv.*, 142 F. App'x 201, 204 (5th Cir. 2005) ("A 'mixed case' appeal denotes a situation … in which a plaintiff claims an appealable agency action was based in whole or in part on discrimination.").

When a federal employee pursues a mixed case, she is afforded two options: she can file a mixed case complaint with her agency's EEO office[5] or a mixed case appeal

---

[5] "If an employee elects to file a mixed case complaint with his agency's EEO office, within 30 days of a final EEO decision, or after 120 days pass without a EEO final decision, the employee

directly to the MSPB, "but not both." 29 C.F.R. § 1614.302(b). *See also Perry,* 137 S.Ct. at 1980. "[W]hichever is filed first [a formal administrative mixed case complaint with the EEO or a mixed case appeal with the MSPB] shall be considered an election to proceed in that forum." 29 C.F.R. § 1614.302(b).

"When a complainant appeals to the MSPB, either directly or after pursuing her claim with the agency EEO office, the matter is assigned to an Administrative Judge who takes evidence and eventually makes findings of fact and conclusions of law." *Butler*, 164 F.3d at 638 (citation omitted). Any party that is unsatisfied with the Administrative Judge's findings can petition the full MSPB to review an initial decision. *Id.* Should the full MSPB deny the petition for review, the initial decision becomes final, *see* 5 C.F.R. § 1201.113(b); if the Board grants the petition, its decision is final when issued. *See* 5 C.F.R. § 1201.113(c).

An employee in a mixed case who has received a decision from the full MSPB may request judicial review of that decision within 30 days of receiving notice of the final decision or final action. 5 U.S.C. § 7703(b)(2). *See also Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004) ("In a mixed case, a final decision from the MSPB exhausts an employee's administrative remedies and allows him to seek judicial review") (citation omitted). When a plaintiff asserts rights under the CSRA alone, MSPB decisions are subject to exclusive judicial review in the Federal Circuit. 5 U.S.C. § 7703(b)(1); *see Perry*, 137 S.Ct. at 1979. However, "if the MSPB decides against the

can file a mixed–case appeal with the MSPB or a civil discrimination action in federal district court." *Booty v. Potter*, No. H–05–079, 2007 WL 654622, at *3 (S.D. Tex. Feb. 27, 2007) (internal quotation marks and citation omitted).

employee on the merits of a mixed case, the statute instructs her to seek review in federal district court under the enforcement provision of the relevant antidiscrimination laws." *Perry*, 127 S.Ct. at 1981 (citations omitted).  *See also Chappell*, 388 F.3d at 1378 (it is well settled that "federal district court is the only forum in which a federal employee may seek judicial review of a mixed case after a final order from the MSPB").

Now that the relevant—and admittedly complicated—procedural framework has been fully described, this Court will turn to analyzing the two claims at issue: the District Court Complaint and the MSPB Lawsuit.

### III. DISCUSSION

#### A.   THE DISTRICT COURT COMPLAINT

As noted above, an individual cannot simultaneously pursue a mixed case before the MSPB and a mixed case complaint through the EEO process "on the same matter." 29 C.F.R. § 1614.302(b).   If an employee does file a mixed case complaint with the MSPB followed by an EEO mixed case complaint on the same matter with her agency, any district court action predicated on the EEO complaint must be dismissed.  *See Stoll v. Principi*, 449 F.3d 263, 266–67 (1st Cir. 2006) ("[O]nce a government employee elects to pursue a mixed case before the [MSPB], she is obliged to follow that route through to completion, to the exclusion of any other remedy that originally might have been available.") (citation omitted).  There is no dispute here that the remaining claims in the District Court Complaint all relate to claims raised in the EEO–62 Complaint.

The NASA Defendants contend that Punch elected to pursue a mixed case before the MSPB and, as a result, her District Court Complaint predicated on the later–filed

10

EEO–62 Complaint should be dismissed.  In response, Punch advances two arguments. First, Punch asserts that she did not pursue a mixed case before the MSPB.  Second, Punch claims that even if she did pursue a mixed case before the MSPB, the District Court Complaint predicated on the EEO–62 Complaint is proper because the MSPB appeal and the EEO–62 Complaint do not relate to "the same matter."  The Court does not find either of these arguments persuasive and addresses each in turn.

**Is the MSPB Appeal a Mixed Case?**  Punch first contends that her MSPB appeal does not constitute a mixed case because a mixed case involves claims of discrimination and the MSPB appeal simply asserted claims related to retaliation, never alleging discrimination based on race, color, religion or age.  The problem with Punch's argument is that the Fifth Circuit has expressly disavowed that view, holding that a complaint alleging retaliation prohibited by Title VII is the same thing as a claim for discrimination under Title VII.  *Porter v. Adams*, 639 F.2d 273, 278 (5th Cir. 1981) (stating "[b]ecause we conclude that [Section 717 of Title VII] bars reprisals against federal employees who file charges of discrimination, appellant must bring her action under that section[,]" which "is now the exclusive remedy for charges of discrimination brought against federal employers") (citation omitted).  *See also Diggs v. Dep't of Housing and Urban Dev.*, 670 F.3d 1353, 1357 (Fed. Cir. 2011) ("we find that Ms. Digg's retaliation claim—premised as it was on her prior EEO activity—is a discrimination claim prohibited by § 717 of the Civil Rights Act of 1964") (internal quotation marks omitted); *Smith v. Horner*, 846 F.2d 1521, 1524 (D.C. Cir. 1988) (affirming the Federal Circuit's position that "a simple discrimination claim under Title VII or a retaliation claim under the same Title" are the

11

same); *Quinn v. West*, 140 F. Supp. 2d 725, 734 (W.D. Tex. 2001) (finding a Title VII retaliation case was a claim of discrimination and "a mixed case involv[es] claims of discrimination and retaliation for whistleblowing activities") (internal quotation marks omitted); 29 C.F.R. § 1614.103(a) ("Complaints alleging retaliation prohibited by these statutes [including Title VII and ADEA] are considered to be complaints of discrimination for purposes of this part"). Accordingly, this Court agrees with the Federal Circuit and finds that Punch's MSPB appeal was a mixed case. (Dkt. 36 at 3) (finding that "Punch pursued this matter before the Board as a mixed case, challenging the removal action and alleging that a basis for her removal was discrimination prohibited by section 704 of title VII").

**Do the MSPB Lawsuit and the EEO-62 Complaint Relate to the Same Matter?** Punch next argues that the MSPB Lawsuit and the EEO–62 Complaint do not stem from the "same matter" and, as a result, Punch can proceed with the MSPB Lawsuit and the District Court Complaint predicated on the EEO–62 Complaint.

For purposes of determining whether a federal employee has impermissibly attempted to proceed in two fora, the word "matter" refers to the "underlying employment action." *See Bonner v. Merit Sys. Prot. Bd.*, 781 F.2d 202, 204–05 (Fed. Cir. 1986); *Facha v. Cisneros*, 914 F. Supp. 1142, 1148 (E.D. Pa. 1996), as amended on reconsideration (Mar. 6, 1996), *aff'd* 106 F.3d 384 (3rd Cir. 1996). Thus, this Court must determine whether the MSPB proceedings and EEO–62 Complaint relate to the same underlying employment action.

It is telling that the Federal Circuit addressed this very issue when it considered whether to transfer the MSPB Lawsuit to this Court.  As the Federal Circuit concluded:

> The underlying nature of this appeal and Ms. Punch's district court complaint are not, as she asserts, "entirely separate actions"—far from it. In Count V of her [District Court] complaint, "Termination On The Basis of Retaliation under Title VII," Ms. Punch asserts she was removed from her position as retaliation for the filing of her EEO complaints that alleged race and sex discrimination.  She also states as part of her request for injunctive relief that "reinstating Plaintiff to her position" is among the actions she is seeking from the court.  These statements confirm rather than undermine the fact that Ms. Punch is continuing to seek the same relief she sought from the Board.

(Dkt. 36 at 3).

The Federal Circuit's analysis is illuminating, but instead of simply relying on the Federal Circuit's view that the MSPB proceedings and the EEO–62 Complaint relate to the same underlying employment action, this Court has undertaken its own, rigorous analysis of those documents describing the MSPB proceedings[6] with those documents describing the EEO–62 Complaint[7] to determine if they relate to the same matter.  If Punch raised an issue concerning the same underlying employment action in both proceedings, then both the MSPB appeal and EEO–62 Complaint address "the same matter" within the meaning of 29 C.F.R. § 1614.302(b).

Punch asserts that the MSPB proceedings "solely concerned [her] removal" (Dkt. 57 at 13) while the EEO–62 Complaint "did not challenge the removal itself."  (*Id.* at 12).

---

[6] Final Order (Dkt. 47-1), Petition for Review on Behalf of Appellant (Dkt. 47-5), Administrative Judge's Initial Decision (Dkt. 47-6 at 69–87), Corrected Brief for Petitioner to the Federal Circuit (Dkt. 47-6 at 1–66), and Federal Circuit Opinion (Dkt. 36).

[7] Final Agency Decision (Dkt. 57-8) and Complaint of Discrimination (Dkt. 47-4).

This argument is simply not supported by a careful review of the MSPB proceedings and the EEO–62 Complaint.  As the chart below shows, the same underlying issues raised in the MSPB proceedings were clearly raised in the EEO–62 Complaint:

| Matter Addressed | MSPB Allegations | EEO–62 Allegations |
|---|---|---|
| March 2013 PIP | • The Administrative Judge found that NASA provided Punch with a reasonable opportunity to improve her performance but she failed to meet at least one critical element of her position during the PIP (Dkt. 47-1 at 4).<br>• In her Petition For Review (PFR), Punch argued that the Administrative Judge erred in finding that the agency proved she had adequate time and resources to satisfactorily complete the PIP.  (Dkt. 47-1 at 5).<br>• Punch contends she had computer problems and lost six days of the 60 day PIP due to computer issues.  She also argues she was denied access to technical experts during the PIP. (Dkt. 47-1 at 5–6).<br>• Punch argues that NASA Defendants violated her due process rights or committed harmful procedural error in her | • "On March 4, 2013, [Punch's] supervisor placed [her] on a Performance Improvement Plan (PIP), and as part of that plan, required [her] to conduct a study of the ARES I–X Program." (Dkt. 57-8 at 2).<br>• "On June 6, 2013, [Punch] received an 'unacceptable' rating for [her] 2012–2013 performance appraisal due to [her] supervisor's denial of [her] request for additional resources" (Dkt. 57-8 at 1).<br>• "[Punch] maintains that during the PIP–review sessions held with Mr. Soots and Ms. Gutierrez,[8] the environment was hostile and stressful, and both played a game of 'gotcha.'" (Dkt. 57-8 at 6).<br>• "[Punch] states that her failure on the PIP was exacerbated by Mr. Soots' denial of her request for additional resources." (Dkt. 57-8 at 7). |

---

[8] Michael Soots ("Soots") was Punch's immediate supervisor beginning April 2012.  Soots retired from NASA on March 4, 2014 prior to the commencement of the EEO investigation. Vickie Gutierrez ("Gutierrez") was Punch's team lead and succeeded Soots as Manager in 2014.

| | | |
|---|---|---|
| | removal.  She claims she was denied documents related to proposed disciplinary actions issued to similarly situated employees.  She also asserts that she was denied copies of the work product documents she submitted during the PIP.  (Dkt. 47-1 at 9). | |
| Retaliation for EEO activity | • Punch contends that the Administrative Judge erred by "[n]ot concluding that [Punch's] removal was based on her prior EEO activity and use of the grievance system." (Dkt. 47-5 at 3).<br>• Punch argues "her removal was motivated solely by the discriminatory grounds raised in her appeal." (Dkt. 47-5 at 22).<br>• Punch argues that her second–level supervisor, Glenn Lutz,[9] acknowledged and knew that Punch had filed EEO complaints.  She claims Lutz admitted Punch's EEO complaint factored into his decision to remove Punch. (Dkt. 47-5 at 25–26).<br>• Punch argues her removal was based on invalid performance standards, therefore her removal was invalid.  (Dkt. 47-6 at 50). | • Punch complains that "[her] supervisor proposed [her] removal from the Agency" and then terminated her from her position. (Dkt. 57-8 at 1).<br>• "[Punch] alleges Mr. Lutz denied her request for reassignment/modification of scope of work as an act of retaliation for prior EEO activity.  (Dkt. 57-8 at 11).<br>• EEO Final Agency Decision discusses Punch's *prima facie* retaliation claim for prior EEO activity and finds that Punch failed to establish pretext. (Dkt. 57-8 at 18). |

---

[9] Glenn Lutz ("Lutz") was Punch's second–level supervisor beginning in April 2013.

Accordingly, this Court agrees with the NASA Defendants that the MSPB proceedings and the EEO–62 Complaint plainly address "the same matter" within the meaning of 29 C.F.R. § 1614.302(b).  Because Punch filed a mixed case complaint with the MSPB followed by an EEO mixed case complaint on the same matter, the district court action predicated on the EEO–62 Complaint must be dismissed as a matter of law.

## B.   MSPB LAWSUIT

Turning to the MSPB Lawsuit, the NASA Defendants argue that this Court should dismiss Punch's MSPB claims because she failed to bring an action in federal court within 30 days from her receipt of a judicially reviewable decision from the MSPB.

Federal law is clear: because Punch pursued a mixed case, she had 30 days after receiving notice of the MSPB's final decision to file a civil discrimination lawsuit in federal district court.  *See* 5 U.S.C. § 7703(b)(2) ("Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action ….").

The MSPB issued its Final Order on February 9, 2016.  Punch was, therefore, required to request a review or file in United States District Court by March 10, 2016, to be considered timely.  Punch filed an appeal of the MSPB final decision in the wrong court, the United States Court of Appeals for the Federal Circuit, on April 7, 2016—58 days after the Final Order was issued.  Because Punch failed to file in the proper court within 30 days after receiving notice of the MPSB's decision, it appears as if her appeal is untimely and should be dismissed.

16

In a valiant effort to avoid this result, Punch advances several arguments, all trying to explain why this Court should overlook or ignore the allotted time provided by the regulatory framework for filing mixed case appeals. The Court addresses each of Punch's arguments.

**Equitable Tolling:** Punch first argues that the equitable tolling doctrine should apply to justify her failure to file a mixed case appeal in District Court within 30 days of the MSPB's final decision. The Court respectfully disagrees.

Equitable tolling is an equitable principle that may "toll" or suspend the running of a statute of limitations. The United States Supreme Court has indicated that equitable tolling is to be applied "sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). "Equitable tolling is disfavored and should be applied only in exceptional cases, such as where purposeful misrepresentations mislead a party or where a party could not have vindicated its rights even by exercising diligence." *Hull v. Emerson Motors/Nidec*, 532 F. App'x 586, 588 (5th Cir. 2013) (collecting cases). The party who invokes equitable tolling bears the burden of demonstrating that it applies in her case. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). Importantly, the decision whether to apply the equitable tolling doctrine is fact–specific and lies within the sound discretion of the court. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

In Defendants' Motion for Summary Judgment and Motion to Dismiss on MSPB Grounds (Dkt. 47), the NASA Defendants argue that Punch's failure to file her MSPB mixed case appeal within 30 days of the MSPB's final ruling justifies dismissal on both

17

summary judgment grounds and for a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  If the period of limitation set forth in 5 U.S.C. § 7703(b)(2) is jurisdictional, the doctrine of equitable tolling is inapplicable because a federal court has no power to hear a case that is subject to the statute's time limits unless the plaintiff has filed her action in a timely manner.  If, on the other hand, the period of limitation set forth in 5 U.S.C. § 7703(b)(2) is not jurisdictional, a court is free to consider whether the facts and circumstances present justify the application of the equitable tolling doctrine.

There is presently a circuit split with respect to the question whether the period of limitation set forth in 5 U.S.C. § 7703(b)(2) is jurisdictional, and the Fifth Circuit has yet to address the issue.  *See, e.g., Nunnally v. MacCausland*, 996 F.2d 1, 4 (1st Cir.1993) (the period of limitation in 5 U.S.C. § 7703(b)(2) is not jurisdictional and is therefore subject to equitable tolling); *Blaney v. United States*, 34 F.3d 509, 512-13 (7th Cir. 1994) (same); *Williams-Scaife v. Dep't of Def. Dependent Sch.*, 925 F.2d 346, 348 (9th Cir. 1991) (same); *Montoya v. Chao,* 296 F.3d 952, 957 (10th Cir. 2002) (same); *but see Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667, 670 (6th Cir. 1991) (the period of limitation in 5 U.S.C. § 7703(b)(2) is jurisdictional and is therefore not subject to equitable tolling), *vacated and remanded on other grounds by* 503 U.S. 902, (1992).  At this time, this Court need not decide whether the period of limitation set forth in 5 U.S.C. § 7703(b)(2) is jurisdictional.  Even if this Court were to consider the equitable tolling doctrine, this is not a case that justifies its application.

Punch contends the Court should apply equitable tolling because she diligently pursued her rights when, after the MSPB issued a final decision, she appealed her

18

discrimination claims to the OFO and appealed her non–discrimination claim to the Federal Circuit.   This argument is nonsensical since the parties have stipulated that "Punch never formally filed an appeal from the MSPB to OFO."   (Dkt. 57-3). Additionally, the MSPB's Final Order clearly outlined Punch's right to take judicial action:

> If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court.  *See* 5 U.S.C. § 7703(b)(2).  **You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.**  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  **If you choose to file, be very careful to file on time.**

(Dkt. 57-1 at 13) (emphasis added).   Because Punch readily acknowledges that she received the MSPB Final Order, but then waited almost two months before proceeding with an appeal before the wrong court, this is not the type of case that merits application of the equitable tolling doctrine.

The Fifth Circuit has identified limited situations in which the equitable tolling doctrine applies to employment discrimination claims: (1) when a case is pending between the parties in the wrong forum; (2) when the claimant does not know or should not know the facts giving rise to her employment discrimination claim; (3) when the claimant is misled about the nature of his rights under federal law; and possibly (4) when the plaintiff is mentally incapacitated.  *See Granger*, 636 F.3d at 712; *Moore v. Potter*, 716 F. Supp. 2d 524, 531 (S.D. Tex. 2008).   None of these bases for equitable tolling apply in this case.

This is not a case in which the equitable tolling doctrine should apply because there is a case pending between the parties in the wrong forum.   Although Punch did originally file in the "wrong forum" (that is, the Federal Circuit), that case was

transferred to the Southern District of Texas and the ultimate issue is whether she timely filed in any court. She did not, and this Court declines to apply equitable tolling for that reason.

Equitable tolling is also not appropriate because there is no suggestion that Punch did not know or should not have known the facts giving rise to her employment discrimination claim. To the contrary, Punch was well–aware of the underlying facts, as she has brought numerous claims in various forums over the years, all relating to the same discrimination/retaliation claims she now asserts here. Moreover, there is no assertion here that Punch was misled about the nature of her rights under federal law or that she is mentally incapacitated.

**Did the Federal Circuit Consider the Timeliness Argument and Dismiss It?:** Punch next posits that the Federal Circuit considered and dismissed the timeliness argument as meritless when it transferred the MSPB Lawsuit to the Southern District of Texas. This argument is, to say the least, a stretch. The Federal Circuit did not address the timeliness issue because it did not need to do so. "The first issue [the Federal Circuit] must address is whether [the] court has jurisdiction to review the [MSPB's] ruling." *Taylor v. Merit Sys. Prot. Bd.*, 544 F. App'x 973, 975 (Fed. Cir. 2013). Once the Federal Circuit concluded that it lacked jurisdiction, it transferred the case to the Southern District of Texas, expecting this Court to consider all remaining issues. (Dkt. 36 at 4) ("While the government seeks dismissal, under the circumstances, we deem it the better course to transfer the case pursuant to 28 U.S.C. § 1631 to the United States District Court for the Southern District of Texas").

**Should This Court Transfer The MSPB Lawsuit Back To The Federal Circuit Because Punch Waived Her Discrimination Claims?:** Punch next argues that if this Court holds that she pursued a mixed case through the MSPB process, then she expressly waived her discrimination claims when she appealed to the Federal Circuit. In her appeal before the Federal Circuit, Punch filed Form 10 "Petitioner's Fed. Cir. R. 15(c) Statement

Concerning Discrimination" where she checked a box approving of the following statement: "[n]o claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case." (Dkt. 57-5 at 1). As a result, Punch contends that she timely appealed her non–discrimination claims[10] and this Court should transfer the MSPB claims back to the Federal Circuit.

Punch's argument is foreclosed by the Federal Circuit's opinion transferring the case to the Southern District of Texas:

> In her Rule 15(c) Statement Concerning Discrimination, Ms. Punch stated "no claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case." That statement, however, is insufficient to create jurisdiction in this Court when she pursued a mixed–case appeal below and is still pursuing claims of discrimination related to her removal in district court.

(Dkt. 36 at 3–4). The Federal Circuit has expressly rejected the notion that an individual can pursue a discrimination claim and a personnel action in separate fora. *See Williams v. Dep't of Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983) ("Congress did not direct or contemplate bifurcated review" of mixed cases because claims of adverse action and discrimination "will be two sides of the same question and must be considered together") (internal quotation marks and citations omitted). As the NASA Defendants correctly point out, Punch has had numerous opportunities to disavow the district court discrimination claims and pursue only her non–discrimination claims in the Federal Circuit. She has not done so and it is too late to try that maneuver now.

---

[10] 5 U.S.C. § 7703(b)(1)(A) provides that any petition for review challenging the MSPB's decision on non–discrimination claims shall be filed within 60 days after the MSPB issues its final order or decision.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion for Summary Judgment and Motion to Dismiss on MSPB Grounds (Dkt. 47) be GRANTED and Defendants' Motion for Summary Judgment on Substantive Grounds (Dkt. 48) be DENIED as MOOT.  Specifically, Plaintiff's claims should be dismissed on summary judgment because no genuine issue of material fact exists.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 11th day of April, 2018.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE